# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANN MARIE DUNCAN,

    Appellant,

      v.

DEPARTMENT OF HOMELAND
 SECURITY,

    Agency.

DOCKET NUMBER
DC-752S-14-0506-I-1

DATE: August 18, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ann Marie Duncan</u>, Riverdale, Maryland, pro se.

<u>Lorna J. Jerome</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her appeal of a 5-day suspension for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](#)). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  [5 C.F.R. § 1201.113](#)(b).

¶2    The appellant occupied a competitive service position of program analyst, GS-0343-13, with the United States Coast Guard.  Initial Appeal File (IAF), Tab 1 at 1, 8.  On March 6, 2014, the agency notified the appellant of its decision to suspend her for 5 calendar days, effective March 10, 2014, for failure to follow instructions.  *Id.* at 8-9.

¶3    On March 11, 2014, the appellant timely filed her appeal, arguing that the agency failed to follow agency policy and the master labor agreement.  *Id.* at 6. The appellant also indicated that she was serving a probationary period.  *Id.* at 1. In his acknowledgment order, the administrative judge stated that the Board may not have jurisdiction over suspensions of 14 days or less and he ordered the appellant to file evidence and argument to prove that the action was within the Board's jurisdiction.  IAF, Tab 2 at 2-3.  The administrative judge also stated that the Board may lack jurisdiction over an appeal by a probationary employee absent certain circumstances.  *Id*. at 3-5.  The administrative judge afforded the appellant an opportunity to file evidence or argument showing that her appeal should not be dismissed for failure to make a nonfrivolous allegation of jurisdiction, *id*. at 5, but the appellant's only subsequent submission filed below did not address the

jurisdictional questions, IAF, Tab 3. The agency moved to dismiss the appeal for lack of jurisdiction on the ground that the appellant elected to appeal her suspension through the agency's grievance process pursuant to the collective bargaining agreement before she filed her Board appeal. IAF, Tab 5 at 7.

¶4    The administrative judge dismissed the appeal for lack of jurisdiction, without holding the requested hearing. IAF, Tab 6, Initial Decision (ID). In his initial decision, the administrative judge discussed the jurisdictional issues presented by both the appellant's status as a probationary employee and the length of the suspension. ID at 2-3.

¶5    In her timely filed petition for review,[2] the appellant explains for the first time that her appeal was based on a Uniformed Services Employment and Reemployment Rights Act (USERRA) filing, number DC-2014-0006-30-V. PFR File, Tab 1 at 1. She states that she received the suspension 2 days after the Department of Labor issued some sort of notice regarding the USERRA matter.[3] *Id*. The appellant did not address the administrative judge's finding that the Board lacked jurisdiction over her appeal because she was a probationary employee and because she was suspended for less than 14 days. *Id.* The agency did not respond to the petition for review. *See* PFR File.

¶6    The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Suspensions of more than 14 days are within the Board's jurisdiction under 5 U.S.C. §§ 7512(2) and

---

[2] On May 3, 2014, the appellant filed a pleading titled "Appellant Response to Initial Order." Petition for Review (PFR) File, Tab 1. The Clerk of the Board properly docketed the pleading as the appellant's petition for review. *See* 5 C.F.R. § 1201.114(a)(1) (a petition for review is a pleading in which a party contends that an initial decision was incorrectly decided in whole or in part); PFR File, Tab 2, at 1.

[3] In her initial appeal, the appellant did not mention USERRA, and, in her response to the acknowledgment order, she only stated that she received the suspension 2 days after the Department of Labor issued some sort of notice regarding the USERRA matter. IAF, Tabs 1, 3.

7513(d). However, a suspension of 14 days or less is not an appealable action. *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 5 (2010); *Stewart v. Department of Defense*, 82 M.S.P.R. 649, ¶ 15 (1999).

¶7  In her petition for review, the appellant does not allege any error in the administrative judge's decision to dismiss the appellant's appeal for lack of jurisdiction based on the length of the suspension. *See* PFR File, Tab 1. Based on our review of the record, we discern no error in the administrative judge's decision. ID at 3; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶8  Regarding the appellant's status as a probationary employee, as the administrative judge correctly explained, an individual serving in her probationary period may appeal a termination for reasons arising prior to the employee's appointment if it was not effected in accordance with 5 C.F.R. § 315.805, or a termination for post-appointment reasons if it is based on partisan political reasons or marital status. ID at 2; 5 C.F.R. § 315.806(b)-(c); *Merian v. Department of the Navy*, 107 M.S.P.R. 221, ¶ 4 (2007). The appellant indicated on her appeal form that she was serving a probationary period, IAF, Tab 1 at 1, and, despite being informed of the jurisdictional issue and being afforded the opportunity to file evidence and argument sufficient to meet her burden to nonfrivolously allege that she had Board appeal rights, IAF, Tab 2 at 3-5, the appellant failed to respond. The appellant does not raise this matter in her petition for review.

¶9  The appellant also indicated on her appeal form that she had 4 years of government service, IAF, Tab 1 at 1, which could suggest that she was not a

probationary employee. We need not resolve this issue, however, because it is clear that the Board lacks jurisdiction over an appeal of a 5-day suspension.[4]

¶10 In sum, we find that the administrative judge properly dismissed the appellant's appeal for lack of jurisdiction. As discussed above, in her petition for review, the appellant states, for the first time, her apparent desire to file an appeal under USERRA. PFR File, Tab 1. Accordingly, we forward this matter to the Washington Regional Office for the docketing of a new USERRA appeal. *See Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 20 (2011) (forwarding a USERRA claim to the regional office for docketing).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[4] Because the administrative judge dismissed the appeal for lack of jurisdiction on other grounds, it was within his discretion not to address the agency's alternative argument raised below that the appeal should be dismissed based on the appellant's election of remedies. *See Wagner v. Environmental Protection Agency*, 51 M.S.P.R. 337, 352 (1991), *aff'd*, 972 F.2d 1355 (Fed. Cir. 1992) (Table) (an administrative judge need not cite every possible alternative basis for the disposition of an appeal, when the basis that he does cite suffices as legal support for his decision).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.